PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2002 PT Cruiser struck a hole while claimant, Amberlee Christey, was driving on Route 119, also known at the “Mile Ground,” in Morgantown, Monongalia County. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 10:30 p.m. on February 6, 2008. Route 119 is a three-lane road with a speed limit of thirty-five miles per hour. At the time of the incident, claimant Amberlee Christey and her friend, Kylie Frazier, were returning home from a cake decorating. As Ms. Christey was driving under the posted speed limit between BFS gas station and the Monro Muffler shop, her vehicle struck a hole that was approximately one foot and a half long, one foot wide, and ten *151 inches deep. Ms. Christey had not noticed the hole on prior occasions. According to Ms. Christey, three other vehicles also had struck the hole at this location. A cone was not placed in the hole until after the subject incident occurred. As a result of this incident, claimants’ vehicle sustained damage to two tires in the amount of $ 190.80. In addition, the tires needed to be mounted and the front end of the vehicle needed to be realigned in the amount of $87.75. Thus, the total amount of damages amounts to $278.55. Claimant’s insurance company indicated that the deductible for collision coverage is $250.00, but road hazard is not a peril that is covered under the policy.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 119. Kathy Westbrook, Monongalia County Administrator for respondent, testified that at least 17,000 vehicles travel on this road on a daily basis. According to Ms. Westbrook, respondent patched the hole on February 4,2008, and the hole could have reopened by February 6, 2008. Ms. Westbrook explained that the cold mix that was used was below specifications and would not adhere to the road surface. Since she did not have an alternative supply of cold mix, her office had to use the supply that was available at that time.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimants ’ vehicle struck and that the hole presented a hazard to the traveling public. Since the cold mix was below specifications and proved inadequate, the Court finds the respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $278.55.
Award of $278.55.